# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                     :

        Plaintiff,                     Case No. 3:13-cr-019
                                           Also 3:14-cv-245

                     :         District Judge Thomas M. Rose
      -vs-                        Magistrate Judge Michael R. Merz

DEQUAN NASIR HEARD,

                     :

        Defendant.

---

# REPORT AND RECOMMENDATIONS

---

This case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 26). On the Court's Order (Doc. No. 27), the Government has filed an Answer (Doc. No. 33) and Heard has filed a Reply (Doc. No. 35).

Heard pleads the following grounds for relief:

> **Ground One:** Violation of Sixth Amendment right to effective counsel – counsel failed to explain the advantages and disadvantages of a potential meritious [sic] suppression motion underlying the Parole Officer's warrantless search.
>
> **Supporting Facts:** Movant plead guilty to the underlying – single count – indictment without the benefit of any advisement as to the advantages and/or disadvantages of filing a pre-trial motion to suppress the evidence that formed the basis of the offense and case.
>
> **Ground Two:** Violation of the Sixth Amendment right to effective counsel – counsel never explain [sic] the mens rea element of the underlying offense, nor did counsel explain any potential affirmative defense that would have negated cupability [sic].

**Supporting Facts**:  Movant['s] counsel never explained to the Movant the "mens rea element" underlying the offense and the fact that the offense was a "specific intent" crime.  Thus, counsel never discussed any potential attendant "affirmative defense" that would have assuaged or necessarily negated the Movant's culpability under the offense.

**Ground Three:**  Violation of Sixth Amendment right to effective counsel – counsel fail[ed] to file a notice of appeal and discover the Movant's wishes underlying a potential underlying an appeal.

**Supporting Facts:**  Movant's counsel never "consulted" with him underlying a potential appeal, nor did counsel seek to discover the Movant's wishes in prosecuting a potential appeal.  The Movant wanted to, and would have advanced an appeal had he known he could have appealed.

**Ground Four:**  Violation of Sixth Amendment right to effective counsel – counsel allowed the Movant to plead guilty to the statement of facts, which was defective in that it did not include or specify any particular federal offense.

**Supporting Facts**:  The Movant's statement of facts (or said differently "stipulation of facts") fail [sic] to both stipulate and specify as to the "mens rea element" underlying the charged offense, and to give the citation to any federal offense in the United States Section Code.  Therefore, the Movant's statement of facts, establishing the basis for the plea agreement is, in fact, insufficient in establishing a factual basis for the crime charged.

(Motion, Doc. No. 26, PageID 68-72.)[1]

All four of Heard's Grounds for Relief assert he received ineffective assistance of trial counsel.  As he acknowledges, the standard for effective assistance of counsel was set by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984):

---

[1]  When any document is filed with this Court, the Court's electronic filing system affixes a unique Page Identification Number in the upper right hand corner of every page.  The attention of the parties is directed to this Magistrate Judge's Standing Order of May 8, 2014, which provides in pertinent part "All references to the record in this Court must be to the filed document by title, docket number, and PageID reference.  (E.g., Defendant's Motion to Dismiss, Doc. No. 27, PageID ___.)"  The large majority of cases before this Magistrate Judge are habeas corpus cases with large state court records and correct citation to the record is critical to judicial economy.  Therefore, nonconforming filings will be stricken.

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142

F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally*

Annotation, 26 ALR Fed 218. This standard applies to all four Grounds for Relief.

3

**Ground One:  Failure to File a Motion to Suppress**

In his First Ground for Relief, Heard asserts his trial attorney, Brandon McClain, provided ineffective assistance of trial counsel when he failed to consult Heard about filing a motion to suppress (Heard Affidavit, Doc. No. 30, PageID 137, ¶ 2).  McClain denies that is the case and asserts he discussed this question many times with Heard (McClain Affidavit, Doc. No. 33-1, PageID 177, ¶¶ 2 & 3).  This contradiction between the two Affidavits would require an evidentiary hearing if the factual dispute were material.  However, Heard fails to offer any proof that a motion to suppress would have had merit and in the absence of possible success on such a motion, there cannot have been any prejudice in failing to file the motion.

The Statement of Facts attached to the Plea Agreement in this case (Doc. No. 19, PageID 47) establishes that on October 16, 2012, Heard was on parole from an Ohio conviction and under the supervision of Ohio Adult Parole Authority Officers Crystal Langer and Tim Jones. On that date, Parole Officers Langer and Jones went to 322 Antietam Drive in Dayton.  The officers had developed information that Heard was using that address.  When they arrived at the address, they saw a car they knew to be registered to Heard and used by him.  They saw Heard come out of the front door of the house and get into the car.  When they ordered him out of the car, he ignored their orders, jumped the curb, and sped away.  When Langer searched the house later in the day, he found heroin and a number of drug trafficking tools (cutting agents, a digital scale, blenders, a hydraulic press, and boxes of sandwich baggies).

Heard contends that under Ohio Revised Code § 2967.131(C), parole officers could only search his person or residence if they had reasonable grounds to believe he had violated the law or the terms and conditions of his parole supervision (Memorandum, Doc. No. 26-1, PageID 82).

He asserts they did not have any reasonable suspicion that he had impermissibly changed his address (assuming that was their suspicion) because their suspicion was based on an unreliable source, whom he does not identify. *Id.*

Heard's argument is unpersuasive on the facts. Once the officers confronted Heard and he fled, they had personal eyewitness evidence that he had violated the terms of his supervision by fleeing. After he fled, they search 322 Antietam and found the incriminating evidence Heard thinks should have been suppressed. If Heard is contending that 322 Antietam was his residence, they had reasonable suspicion to search it based on his flight, since flight is generally taken to display consciousness of guilt. If he denies that was his residence, he would have had no standing under the Fourth Amendment to complain about the search and therefore could not have been heard on a motion to suppress.

Heard's argument is also unpersuasive on the law. He relies on *United States v. Henry,* 429 F.3d 603 (6th Cir. 2005), for the proposition that parole officers must have reasonable suspicion of a violation of parole before conducting a search. However, as the Government notes, the Supreme Court has held, subsequent to *Henry*, that the Fourth Amendment does not prohibit a suspicionless search of a parolee. *Samson v. California*, 547 U.S. 843 (2006).

Heard contends the Government "misses the gist and focus of his argument" which was that *Henry* is controlling Sixth Circuit precedent. However, Sixth Circuit precedent cannot be controlling if a later United States Supreme Court decision adopts a different rule, which is what happened here. A prior published decision of the Sixth Circuit remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or the Sixth Circuit *en banc* overrules the prior decision. *Darrah v. City of Oak Park,* 255 F.3d 301, 309 (6th Cir. 2001); *Salmi v. Secretary of HHS*, 774 F.2d 685, 689 (6th Cir. 1985);

*accord* 6th Cir. R. 206(c).

Had Mr. McClain filed a motion to suppress, it would have been overruled because (1) the parole officers had reasonable suspicion of a parole violation once Heard fled from them; (2) if Heard had contended 322 Antietam was not his residence or otherwise under his control, he would not have had standing to object to the search; and (3) in any event, no suspicion was required under the Fourth Amendment to justify the search.

Heard's First Ground for Relief is therefore without merit.


**Ground Two:  Failure to Explain *Mens Rea* Element and Any Affirmative Defenses**


In his Second Ground for Relief, Heard claims McClain provided ineffective assistance of trial counsel when he failed to explain the mens rea element of the crime to which Heard pled guilty and also failed to explain any possible attendant affirmative defenses.

Heard pled guilty to one count of possessing with intent to distribute in excess of 100 grams of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i).  In the Statement of Facts, he admitted to knowingly and intentionally possessing the heroin and having the intention to distribute it.  Thus the relevant mens rea elements are knowing and intentional possession of the heroin and having at that time the intention to distribute it to others.

During the plea colloquy with Judge Rose on May 2, 2013, Heard stated he understood the charge (Transcript, Doc. No. 28, PageID 98).  He admitted his counsel was able to answer any questions he had about the charge.  *Id.*  at PageID 99.  Before having the prosecutor read the Statement of Facts, Judge Rose told Heard he would ask him at the end if he understood.  *Id.*

Heard said he understood what Ms. Lafferty read, which included the mens rea elements. *Id.* at PageID 102. Heard indicated he understood the Plea Agreement, which also recited the mens rea elements. *Id.* at PageID 123. He again indicated he understood the charge. *Id.* at PageID 127. He finally indicated he had no questions about the case at all. *Id.* at PageID 129.

The concepts of knowingly and intentionally possessing something are not at all arcane and should be readily understandable to a literate adult, especially someone with three years of college such as Heard. The same is true of the concept of intending to distribute the heroin. Heard has not suggested what affirmative defenses might have been available to him and none occur to the Court.

Thus, assuming the truth of Heard's allegation that McClain did not explain the mens rea elements, Heard cannot demonstrate prejudice because the terms of the Information and charge are readily understandable and Heard, under oath, admitted he understood them.

The Second Ground for Relief is without merit.

**Ground Three: Failure to File a Notice of Appeal**

In his Third Ground for Relief, Heard claims McClain did not file a notice of appeal on Heard's behalf, despite being instructed to do so.

Failure to file a notice of appeal on request is ineffective assistance without any showing of prejudice. *Ludwig v. United States,* 162 F.3d 456 (6th Cir. 1998); *United States v. Peak*, 992 F.2d 39 (4th Cir. 1993); *United States v. Tajeddini*, 945 F.2d 458 (1st Cir. 1991); *Estes v. United States,* 883 F.2d 645 (8th Cir. 1989); *Lozada v. Deeds*, 964 F.2d 956 (9th Cir. 1992); *Abels v. Kaiser*, 913 F.2d 821 (10th Cir. 1990). The Sixth Circuit also held "[w]e emphasize, of course,

that a defendant's actual "request" is still a crucial element in the Sixth Amendment analysis. The Constitution does not require lawyers to advise their clients of the right to appeal. Rather, the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request." *Ludwig*, 162 F.3d at 459. In *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), the Court rejected a *per se* rule which would require an attorney to file a notice of appeal regardless of whether the client asks. The Court held counsel must consult with the client about the advantages and disadvantages of taking an appeal when there is reason to think that a rational defendant would want to appeal or this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *See also Deitz v. Money*, 391 F.3d 804 (6th Cir. 2004).

In his Motion, Heard asserts "[m]ovant's counsel . . . never advised him of his right to an appeal, which resulted in a direct appeal forfeiture; however, if properly advised Movant would have appealed." (Motion, Doc. No.26-1, PageID 85.) But then in his Affidavit filed two months after the Motion, he changes ground and avers "Affiant assert[s] that he requested counsel to file a timely notice of appeal underlying his sentence and the plea colloquy proceeding itself." (Doc. No. 30, PageID 137.) McClain flatly contradicts this claim, averring "Mr. Heard never asked Attorney McClain to file a notice of appeal in the instant case. . . ." (Affidavit, Doc. No. 33-1, PageID 177.)

McClain's Affidavit is dated October 15, 2014, and was filed with the Government's Answer on November 5, 2014. Responding to McClain's Affidavit, Heard asserts in his Reply that "he did in fact, express verbally and through written correspondence – in which he no longer has a physical copy of – that he wished to appeal the guilty plea colloquy itself."

An evidentiary hearing is to be held only if there is a factual dispute and the record does not conclusively show that the petitioner is not entitled to relief. Review is for abuse of

discretion. *Ross v. United States*, 339 F.3d 483 (6th Cir. 2003). The burden of establishing entitlement to an evidentiary hearing is relatively light. *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003). However, no evidentiary hearing is necessary if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999).

> In reviewing a § 2255 motion in which a factual dispute arises, "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999). "[T]he burden on the petitioner in a habeas case for establishing an entitlement to an evidentiary hearing is relatively light." *Id.* More is required, however, than mere assertions of innocence. *See id.* ("[I]t would be nonsensical to conclude that the petitioner could meet that burden simply by proclaiming his innocence."). Nevertheless, "[a]n evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Arredondo* [*v. United States,* 178 F.3d 778, 782 (6th Cir. 1999)] (internal quotations omitted). Stated another way, "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* (internal quotations omitted).

*Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

Although Heard gives no corroborating detail and cannot furnish any documentary proof, the flatly contradictory statements of Heard and his counsel give rise to a question of material fact which can only be resolved by an evidentiary hearing. Accordingly, pursuant to Rule 8(c) of the Rules Governing § 2255 Motions, the Court will appoint counsel to represent Heard and set this Ground for Relief for an evidentiary hearing.

**Ground Four:  Deficiencies in the Statement of Facts**

In his Fourth Ground for Relief, Heard complains that McClain provided ineffective assistance of trial counsel when he failed to object that the Statement of Facts does not include any mens rea element and does not include a specific citation to any federal offense (Motion, Doc. No. 26-1, PageID 86-88).

The Court has already dealt in Ground Two with Heard's claim that he did not understand the charges and particularly the relevant mens rea element.  In his Fourth Ground for Relief, Heard's claim is different, to wit, that the omission of the mens rea element and the statutory citation from the Statement of Facts rendered it insufficient to ground a conviction and Mr. McClain should have raised those objections.

The Statement of Facts, as noted above, expressly says that Heard "knowingly and intentionally possessed, with the intent to distribute, in excess of 100 grams" of heroin.  21 U.S.C. § 841(a) provides in pertinent part that "it shall be unlawful for any person knowingly or intentionally (1) to . . . possess with intent to . . .distribute, . . . a controlled substance."  Heard's complaint seems to be that this statement of the mens rea elements is only "conclusory," (Motion, Doc. No. 26-1, PageID 87), but he does not cite any law requiring that the mens rea portion of a statement of facts in support of a plea be anything but conclusory.  He cites *Keck v. United States*, 172 U.S. 434 (1899), which conerns the amount of detail required in an indictment to advise a defendant of the nature of the charge against him.  But a statement of facts in support of a guilty plea is manifestly not an indictment and, as shown repeatedly above, Heard admitted to Judge Rose that he understood the charge.  He cites cases to the effect that possession with intent to distribute is a specific intent statute, but that is part of what he admitted, to wit, that he

possessed the heroin with the intent to distribute it.

To the extent Heard is complaining that there is no reference in the Statement of Facts to the United States Code section involved, he is correct, but there is no requirement for such a citation. What a defendant is admitting in such a statement of facts is **facts**, not the accuracy of the code citation in the charging document.

**Conclusion**

Heard's First, Second, and Fourth Grounds for Relief are completely without merit and should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*. The Third Ground for Relief will be set for evidentiary hearing.

December 29, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such

11

portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).