UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

           Plaintiff,

-vs-                                                              Case No.  3:13-CR-19

DEQUAN HEARD,

           Defendant.

---

ORDER REGARDING MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. 3582(c)(2)

---

      This matter is before the Court upon its own motion. On June 2, 2015, Defendant filed a Motion to Reduce Sentence (ECF No. 39) requesting he be resentenced pursuant to 18 U.S.C. §3582. The Government filed a Response in Opposition (ECF No. 40) on June 26, 2015. The Court issued an Order (ECF No. 41) on July 10, 2015, denying the Defendant's motion for reduction. Subsequently, on July 21, 2015, the Defendant filed a Reply (ECF No. 43) to the Government's response. The Court wishes to give due consideration to Defendant's said reply.

      Defendant in his Reply (ECF No. 43) refers to advisory guideline range discussed at his Plea Hearing held May 2, 2013. At said hearing, Counsel informed the Court that he and the Defendant had discussed an estimation of a total offense level of 25 and a criminal history category III resulting in a sentencing guideline range of seventy (70) to eighty-seven (87) months. The Court asked the Defendant if he understood that the advisory guideline was not a guarantee or promise but only an estimate, to which the Defendant replied he understood. (Plea Tr., ECF No. 28, PageID 4116 -5117).

The Defendant was sentenced on August 1, 2013. At that time the Court made a finding that Defendant had a total offense level of 25 and a criminal history category of V. These findings recommended a sentencing guideline range of 100 to 125 months. Defendant was sentenced to eighty-four (84) months. Defendant did not receive a departure or deviation due to substantial assistance. The now amended sentencing guideline range, for the same offense, would place the Defendant at an offense level of 23 with a criminal history of V for a sentencing guideline range of 84 to 105 months. Since this Defendant's sentence of eighty-four (84) months is within the amended sentencing guideline range of 84 to 105 months and not due to substantial assistance the Defendant is not eligible for the prayed for relief pursuant to U.S.S.G.§ 1B1.10(b)(2)(A).

Therefore it is the Order of the Court that Defendant's Motion to Reduce Sentence (ECF No. 39) is DENIED.

**DONE** and **ORDERED** in Dayton, Ohio, this 18th day of August, 2015.

_____
THOMAS M. ROSE JUDGE
UNITED STATES DISTRICT COURT